[File No. 6023.]

C. I. T. CORPORATION, a Corporation, Appellant, v. P. A. WHIPPLE, Respondent.

(244 N. W. 312.)

Opinion filed July 28, 1932. Rehearing denied October 4, 1932.

*L. E. Blaisdell,* for appellant.

*H. L. Halvorson* and *Ben A. Johnson,* for respondent.

BURKE, J. This is an action on a promissory note and a conditional sales contract for an automobile. The defense is that the sale of the automobile and the assignment of the conditional sales contract and notes.were made under a contract between the plaintiff and defendant, known as the "Nash Protection Agreement"; which protected the defendant in case of loss by collision; that the automobile was wrecked in a collision and was a total loss; that after the loss of the automobile the defendant continued to pay the monthly payments to the plaintiff until he had paid $194.74, for which he counterclaims. The facts were all stipulated and there was a judgment for the defendant on a counterclaim, namely, $194.74 for payments made, from which judgment the plaintiff appeals.

There are two questions involved.

First, it is the contention of appellant that by signing exhibit 7, the defendant became guarantor, waiving all prior protection and becoming absolutely liable upon the notes, and second, that the monthly payments made by the defendant after the collision were voluntary payments and cannot be recovered. The portion of the protection agreement upon which the defendant relies is as follows: "C. I. T. protects the dealer in the event of (1) conversion or confiscation. (2) Loss resulting from actual collision damage which necessitates repossession." Subdivision one, relating to conversion, is waived, for exhibit 7 states specifically "we also waive any conversion protection upon the above transaction." This provision of exhibit 7 is clearly a waiver of protection against conversion, but it is the only provision in exhibit 7 which relates in any way to the protection agreement. Exhibit 7 reads as follows, viz.:

City Minot, State N. Dak., Date Sept. 10, 1929.

"C. I. T. Corporation,

File No. 501577-6.

Re: Note Signed by Frank Carney.

(Purchaser)

Gentlemen:

In consideration of your purchasing or not rescinding the purchase of the note or contract of the above named maker, we hereby agree that any existing agreement between us in any manner affecting our absolute liability to you in respect of such note or contract shall not apply

to this transaction, and if we have endorsed, delivered or assigned such note or contract to you on a 'Without Recourse Plan,' we agree as follows: that such endorsement or assignment shall be deemed a full endorsement and warranty of payment by us; that without notice to and without releasing the liability of the undersigned hereunder, the holder may elect any remedy and compound or release any rights against, and grant extensions of time of payment to, the maker; to waive presentment and demand for payment, protest and notice of protest; and that the present endorsement or assignment may be altered in accordance herewith. We also waive any conversion protection upon above transaction.

Dealer  Mr. P. A. Whipple  (L. S.)

General
Waiver "B"                                    By P. A. Whipple
                                                  (Title)      "

The other matters referred to in exhibit 7 relate to the assignment of the notes or contract and in addition to such waiver or waivers it specifies any conversion protection. If the waiver or waivers made therein before this specific waiver of conversion protection was made, are such waivers of all protection as to make the defendant absolutely liable in any event, why did they add, "we also waive any conversion protection." This would be entirely unnecessary and since they specifically say "we also waive any conversion protection," it is clear that this is the only protection secured in the Nash Protection Agreement that it was intended to waive and is in fact the only protection that is waived. The plaintiff agreed to protect the defendant against loss in any collision. He was entitled to this protection and therefore entitled to recover on his counterclaim for the loss sustained in the collision as an offset to plaintiff's claim on the contract and note in suit and since the one offsets the other the plaintiff cannot recover.

According to the pleadings and the facts as stipulated the monthly payments, after the collision, were made by the defendant and it is the contention of the appellant that the payments were voluntarily made and cannot be recovered back. At the time of the collision there was $877.06 due on the note for which the defendant was liable on his guaranty, but the same amount was due the defendant from the plain-

tiff on the insurance policy which covered loss by collision. The payment by the defendant of the installments as they became due each month until he had paid $194.92 is not an abandonment of his claim against the plaintiff on the insurance policy. He might have paid the entire amount of the debt which he owed to the plaintiff and reserved his claim against the plaintiff for an independent action.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.